UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**REDIET BIRRU**
**7050 Duckettes Lane**
**Elkridge, MD 21075**

    **Plaintiff.**

                                    **Civil Action:**

**v.**

**PMG BWI AIRPORT**
**DEVELOPERS, LLC**
**7 St. Paul Street #820**
**Baltimore, MD 21202**

**MEENAKSHI 786 ENTERPRISES, INC.**
**1001 Aviation Blvd.**
**Baltimore, MD 21240**

    **Defendants.**

---

**COLLECTIVE-ACTION COMPLAINT FOR VIOLATIONS OF THE
FAIR LABOR STANDARDS ACT AND RELATED LAWS**

---

Plaintiff Rediet Birru, though counsel, and for her Complaint against Defendants PMG BWI Airport Developers, LLC and Meenkashi 786 Enterprises, Inc. (hereinafter "Defendants") and respectively avers as follows:

### PARTIES

1. Plaintiff Rediet Birru, LLC is a resident of the state of Maryland.

2. Defendant Meenkashi 786 Enterprises, Inc. is a business principally based in state the of Maryland.

1

3. Defendant PMG BWI Airport Developers, LLC is a business principally based in the state of Maryland.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331.

5. Venue is proper under 28 U.S.C. § 1391(b) because Defendants conduct business and can be found in this judicial district.

6. The events giving rise to the claims in this action occurred in this judicial district.

## FACTUAL BACKGROUND

7. Plaintiff was employed by Defendant PMG BWI Airport Developers, LLC. (hereinafter, "PMG"). PMG is a joint operator of a 7-Eleven and Shell Gas station located at 1001 Aviation Blvd., Baltimore, MD 21240.

8. Plaintiff was also employed by Defendant Meenkashi 786 Enterprises, Inc. (hereinafter, "Meenkashi"). Meenkashi is a joint operator of a 7-Eleven and Shell Gas station located at 1001 Aviation Blvd., Baltimore, MD 21240.

9. Defendants constituted an enterprise earning more than $500,000 per annum.

10. Defendants engaged interstate commerce routinely during times relevant by the purchase and sale of goods as a reseller and services as they handle goods that have crossed state lines.

11. Both the 7-Eleven and Shell cash registers were positioned in same section of the store.

12. Rediet Birru is an immigrant from Ethiopia.

13. Plaintiff Birru was issued a nametag and uniform with the logo "7-Eleven" on the uniform and a nametag that stated "Shell."

14. Birru was routinely paid in cash only.

2

15. As part of her job duties, Plaintiff routinely moved between both terminals to perform cash register duties for both Defendants.

16. Plaintiff worked two grills and a hot food case for both Defendants.

17. Defendants regularly, but not reliably, paid Plaintiff an hourly wage, and did not pay her overtime for worked performed in excess of 40 hours per week.

18. Birru performed work as a store clerk with Defendants. Birru worked for Defendants between May 2024 to September 6, 2024, Birru was paid $13.00 per hour.

19. Between May 2024 to September 6, 2024, Birru worked an average of 84 hours per week. Birru was always paid in cash and made on average only $1,000.00 per week in cash until September 6, 2024.

20. Between May 2024 and September 2024, Birru was never paid all of her wages owed and was never paid overtime wages owed while performing her duties at least 84 hours per week.

21. In or around September 6, 2024, a new manager started at Plaintiff's location. The new managers name is Rajndra (also known by employees as "Raj").

22. Between September 6, 2024 and September 30, 2024, Birru's pay was increased to $14.00 per hour. Birru was scheduled and required to work from 7:00 am to 7:00 pm Wednesday to Sunday. Birru worked approximately 60 hours per week. Birru was never paid all of her wages owed and was never paid overtime wages owed while performing her duties at least 60 hours per week.

23. Instead, Birru was paid weekly at $14.00 per hour and paid on average a total of only $800.00 per week.

24. After September 6, 2024, Birru worked an average 72 hours per week, and working 6 days per week. Birru was never paid all of her wages owed and was never paid overtime wages owed while performing her duties at least 72 hours per week.

25. Birru was terminated on December 19, 2024.

26. Before filing this lawsuit, Birru was threatened by Defendants. Birru was told that if she sought legal action, she would risk being deported.

27. As a result of Defendants' violations of federal law and of state laws comprising with federal law this case and controversy, Plaintiff suffered wage losses and consequential damages and hardship, and accordingly seek liquidated damages and other statutory damages under Maryland law.

28. 22. As a result of Defendants' violations of federal law and of state laws comprising with federal law this case and controversy, persons situated substantially with Plaintiff suffered wage losses and consequential damages and hardship, and accordingly it is anticipated that they will compensatory and liquidated damages.

29. 23. Plaintiff and future collective action plaintiffs seek reimbursement of applicable costs and attorneys' fees to the extent permitted by statute.

## COUNT I

**FAIR LABOR STANDARDS ACT FAILURE TO PAY OVERTIME**

24. Plaintiff incorporates all prior allegations as if herein restated.

30. Plaintiff and the Overtime Collective worked for the Defendants in non-exempt work routinely for more than 40 hours per week.

31. Defendants promised and often paid a regular rate of $13.00/hour, and then subsequently, $14.00 per hour, but did not pay the required "overtime" premium of 150% of the regular rate for all overtime hours to

4

32. Defendants promised and paid other regular rates to members of the Overtime

33. Collective, but did not pay the required "overtime" premium of 150% of the regular rate for all overtime hours.

34. The defendant has been aware of the requirements of the FLSA and its corresponding regulations necessary to provide employee's performing "non-exempt" duties with compensation, bonuses, vacation and sick time. Despite this knowledge, the defendant has failed to pay its employees the mandatory lawful incentives, to conform the duties of these employees to the requirements of the FLSA.

35. **WHEREFORE,** for the claim of the Fair Labor Standards Act. Plaintiff, individually, and on behalf of others prays for judgment against Defendant for all damages allowable by law, including injunctive, statutory damages, compensatory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

## COUNT II

**VIOLATION OF MARYLAND WAGE PAYMENT AND COLLECTION ACT**
**(Md. Code, L.E., § 3-501 *et seq.*)**
***Unpaid Overtime***

36. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

37. MWPCL requires an employee to pay an employee all wages earned and owed for work that the employee performs.

38. Defendants were required under MWPCL to pay Plaintiff wages earned and owed for work that he performed.

39. MWPCL defines "wages" to include overtime premium. Maryland Annotated Code, Labor and Employment Article, section 3-507.2 ("§ 3-507.2").

40. Plaintiff worked for the Defendants in non-exempt labor in Maryland.

41. Plaintiff routinely worked more than 40 hours per week.

42. Defendants willfully failed to compensate her and those similarly situated with overtime wages.

43. Defendants failed to pay applicable overtime wages for all weeks of work performed by Plaintiff.

44. PMG owes Plaintiff's wages for work duties performed.

45. PMG's failure to pay Plaintiffs all wages earned, owed, and required by MWPCL was knowing, willful, and intentional; was not the result of any bona fide dispute between Plaintiffs and PMG; and was not in good faith.

46. **WHEREFORE,** for the claim of violation of the Maryland Wage Payment and Collection Act. Plaintiff, individually and on behalf of others prays for judgment against Defendant for all damages allowable by law, including injunctive relief, statutory damages, unlimited compensatory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

## COUNT III

**Maryland Wage Payment and Collection Act**
**Md. Code, Lab & Empl., § 3-507.2**
**(Unpaid Wages)**

47. Plaintiffs incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim.*

Case 1:26-cv-01021-MJM    Document 1    Filed 03/09/26    Page 7 of 10

48. MWPCL requires an employer to pay an employee all wages earned and owed for work that the employee performs.

49. Defendant was required under MWPCL to pay Plaintiff all monies owed under Maryland law and such monies were supposed to pay wages to employees.

50. Defendant was required to pay Plaintiff wages but completely withheld payment.

51. Defendant willfully withheld wages or participated in wage theft.

52. Defendant owes Plaintiffs wages for work that she performed.

53. Defendant's failure to pay all wages earned, owed, and required by MWPCL was knowing, willful, and intentional; was not the result of any bona fide dispute between Plaintiff and Defendant; and was not in good faith.

54. The Maryland Wage Payment and Collection Act allows Plaintiff to recover treble damages.

55. Plaintiffs seeks treble damages for unpaid wages under Maryland law. Plaintiff seeks treble damages.

56. WHEREFORE, for the claim of violation of the Maryland Wage Payment and Collection Act, Plaintiffs pray for judgment against Defendant for all damages allowable by law, including injunctive relief, statutory damages, compensatory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

**COUNT IV**

**FAIR LABOR STANDARDS ACT**
**(Unpaid Wages)**

7

57. Plaintiffs incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

58. FLSA requires an employer to pay an employee all wages earned and owed for work that the employee performs.

59. Defendant was required under federal law to pay Plaintiff all monies wages to employees.

60. Defendant was required to pay Plaintiff wages but completely withheld payment.

61. Defendant willfully withheld wages or participated in wage theft.

62. Defendant owes Plaintiff wages for work that Plaintiff performed.

63. Defendant's failure to pay all wages earned, owed, was knowing, willful, and intentional; was not the result of any bona fide dispute between Plaintiff and Defendant; and was not in good faith.

64. WHEREFORE, Plaintiff prays for judgment against Defendant for all damages allowable by law, including injunctive relief, statutory damages, compensatory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests the following relief:

   a. An order designating this action as a collective action on behalf of the Plaintiff, the Tip Collective and the Overtime Collective, authorizing issuance of notices pursuant to 29 U.S.C. § 216(b) to all members of the Tip Collective and the Overtime Collective.

8

b. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

c. An order finding that Defendant violated the FLSA and the Maryland Wage Payment and Collection Law, Md. Code Ann. Labor and Employment Article, § 3-501 et seq. ("MWPCL");

d. An order finding Defendant's violations of the FLSA and MWPCL were not the product of good faith;

e. An order finding Defendant's violations of the FLSA and MWPCL were willful;

f. Judgment against Defendant and in favor of Plaintiff and the members of the Overtime Collective equal to payment of overtime wages at the applicable overtime rate for all hours worked in excess of 40 hours per week during the relevant period;

g. An award against Defendant and in favor of Plaintiff and the members of the Overtime Collective in the full amount of all available liquidated damages and penalties as provided under the FLSA and MWPCL;

h. An award in the amount of all costs and attorneys' fees incurred in prosecuting these FLSA, MWPCL claims;

i. Such further relief as the Court deems just and equitable.

## JURY DEMAND

## PLAINTIFF DEMANDS TRIAL BY JURY

Dated: March 9, 2026

By: */s/Ikechukwu Emejuru*
Ikechukwu Emejuru
**Emejuru Law L.L.C.**

9

8403 Colesville Road  
Suite 1100  
Silver Spring, MD 20910  
Telephone: (240) 638-2786  
Facsimile: (240) 559-2984  
**iemejuru@emejurulaw.com**